**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Irving T. Geddis, Jr., Harry M. Carroll, Barbara C. Stancil, & Joanne C. Wade, Respondents,

v.

Rebecca Geddis, Patricia Ann Geddis, Cleveland Geddis, John Henry Geddis, Herman Geddis, George Geddis, Patrice Geddis, Joenatham Geddis, Yvonne Geddis Bowens, Gwendolyn P. Spell, Harry P. Geddis, Catherine Goodwine a/k/a Catharine Goodwine, Jessie Goodwine, and any individual who may be claiming an interest in this action as an heir of these individuals, and MWV Community Development and Land Management, LLC, and John Doe and Jane Doe, ficticious names designating the unknown heirs, devisees, distributees, issue, executors, administrators, successors or assigns of the Defendants named above, and Richard Roe and Mary Roe, fictitious names designating infants and persons under any disability or incompetent, including those persons who might be in the Military Services within the meaning of The Soldier's and Sailor's Civil Relief Act of 1941, Title 50, United States Code, and any other person or legal entity who or which has or claims any right, title, interest, or lien in or to the real property described in this Complaint, Defendants,

Of whom Patrice Geddis is the Appellant.

Appellate Case No. 2013-000608

Unpublished Opinion No. 2015-UP-116
Submitted February 1, 2015 – Filed March 4, 2015

**AFFIRMED**

W. Scott Palmer, of W. Scott Palmer Law Firm, P.A., of Santee, for Appellant.

William Ernest McIntosh, III, of Knight & Whittington, LLC, of Summerville, for Respondents.

**PER CURIAM:** Patrice Geddis appeals the special referee's order quieting title in real property in favor of Respondents, arguing the special referee erred in (1) concluding the property consisted of 53.8 acres instead of the 35 1/3 acres originally conveyed and recorded and (2) finding Respondents proved the elements of adverse possession by clear and convincing evidence. We affirm.

1. We find evidence in the record supports the special referee's determination that the property consists of 53.8 acres. *See Lowcountry Open Land Trust v. State*, 347 S.C. 96, 101, 552 S.E.2d 778, 781 (Ct. App. 2001) ("A suit for declaratory judgment may be legal or equitable, and is characterized as such by the nature of the underlying issue outlined in the complaint."); *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) (finding an action to quiet title is normally an action in equity but when the action involves a determination of title to real property, the action is legal in nature); *id.* (stating "appellate review is limited to a determination of whether any evidence reasonably tends to support the trier of fact's findings").

2. Because our ruling as to the first issue is dispositive, we need not consider the remaining issue. *See* Rule 220(c), SCACR ("The appellate court may affirm any

ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.